UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Ammar Suleiman, ) | |
|        Plaintiff, ) | |
| ) | No. 18 CV 50007 |
| v. ) | Judge Iain D. Johnston |
| ) | |
| Wexford Health Source, Inc., *et al.*, ) | |
|        Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

    Plaintiff Ammar Suleiman was dissatisfied with the dental services available at his former facility, Dixon Correctional Center. Other facilities where he had been had dental hygienists, but Dixon had none. As a result, he contends he never got regular cleanings, let alone the deep cleaning he now needs to reverse the damage caused by the lack of regular cleanings. The defendants seek summary judgment, arguing that Mr. Suleiman cannot establish deliberate indifference to a serious medical need, or that he even had a serious medical need. For the reasons that follow, the defendants' motion for summary judgment [91] is granted.

**Background**

    Before setting out the background facts, first a word about their origin. Local Rule 56.1 requires a party seeking summary judgment file an accompanying statement of facts, with numbered paragraphs and citations to the record supporting those facts. *See* LR 56.1(a) (the pre-December 1, 2020, in effect during briefing). The party opposing summary judgment must then file "a concise response to the movant's statement that shall contain . . . a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." *See* LR 56.1(b)(3) (the pre-December 1, 2020, version). The consequence of failing to do so is dire: "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." *Id.* The Court is entitled to expect strict compliance. *See Ammons v. Aramark Uniform Servs., Inc.* 368 F.3d 809, 817 (7th Cir. 2004).

    In addition, the party opposing summary judgment must file its own statement with numbered paragraphs to assert any additional facts that require the denial of summary judgment, and the movant may then file a response. *See* LR 56.1(a). The movant's failure to controvert the opposing party's statements will likewise result in the admission of those facts. *Id.*

    The plaintiff filed no response to the defendants' numbered statement of facts, and did not file his own statement of additional facts. The plaintiff did assert facts within his response

brief, and in support cited to deposition transcripts and exhibits used in the depositions.[1] But the plaintiff never identified whether he was offering those factual assertions to dispute the statements of fact made by the defendants, and if so which ones. The mechanics of Local Rule 56.1 "promote the clarity of summary judgment filings." *Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011). The alternative is for the Court to scour through the record and determine for itself whether any of the facts asserted by the plaintiff raise material questions of fact when compared to any of the defendants' statements of fact, an exercise in which it need not engage on behalf of a party who made no effort to do so itself. *See Thornton v. M7 Aerospace LP*, 796 F.3d 757, 769 (7th Cir. 2015). Accordingly, for purposes of resolving the motion for summary judgment, the defendants' well-supported statements of fact are all deemed admitted, and comprise the facts from which the Court decides the motion. The Court disregards the plaintiff's attempts to assert additional facts within his brief because they are not in a LR56.1(b)(3)(C) statement, which denied the defendants the ability to controvert them under LR56.1(a). *See Thornton v. Hamilton Sundstrand Corp.*, 54 F. Supp. 3d 929, 935 (N.D. Ill. 2014). But even if the Court considered the plaintiff's factual assertions, they would not change the outcome of this case.

Mr. Suleiman was incarcerated at the Dixon Correctional Center from June 2016 through February 2018. Statement of Facts [Dkt. 93] #1. Before and after his stay at Dixon, Mr. Suleiman was housed in facilities at which a dental hygienist cleaned his teeth. *Id.* ##5-7, 30-32. But Dixon did not have a hygienist, and so Mr. Suleiman never got his teeth cleaned while there. *Id.* #46.

When Mr. Suleiman arrived at Dixon, defendant Dr. John O'Brien reviewed his dental records on June 29, 2016, and determined that he needed no treatment at that time. *Id.* #8. Mr. Suleiman's first biannual exam was with Dr. O'Brien on October 12, 2016. *Id.* #9. Dr. O'Brien determined that Mr. Suleiman needed no treatment, but observed his poor oral hygiene, and instructed him how to improve his hygiene including how to properly floss his teeth. *Id.*#9. On November 16, 2016, Mr. Suleiman reported tooth pain to Dr. O'Brien, who determined that his tooth #2 needed to be extracted, a procedure Dr. O'Brien performed on November 21, 2016. *Id.* ##10-11. Mr. Suleiman had no further interactions with Dr. O'Brien after November 21, 2016. *Id.* #12. Dr. O'Brien never diagnosed Mr. Suleiman with gingivitis, and Mr. Suleiman never asked Dr. O'Brien for a dental cleaning. *Id.* #13.

Mr. Suleiman's next dental appointment was on May 31, 2017, with defendant Dr. John Crisham. *Id.* #14. Mr. Suleiman reported discomfort in tooth #29, a lower bicuspid, but Dr. Crisham's exam was inconclusive whether the tooth was fractured. *Id.* During the exam, Mr. Suleiman expressed concern about his gums bleeding when he brushed, and about having gingivitis. *Id.* #15, 18. Dr. Crisham noted that Mr. Suleiman's mandibular anterior gingival tissue with packed with food particles, plaque, and plaque-inducted gingivitis, though he did not notice any calculus on Mr. Suleiman's teeth. *Id.* #15, 17. Dr. Crisham told Mr. Suleiman that gingivitis is a common condition, 80% of the country has it, and instructed Mr. Suleiman how to eliminate his gingivitis and improve his oral hygiene by brushing three times a day, including

---

[1] The plaintiff also attempted to support his factual assertions by citing to his own complaint. *See* Response [94] at 4. But a plaintiff cannot create a factual dispute with the allegations of his or her complaint. *See Valance v. Wisel*, 110 F.3d 1269, 1274 (7th Cir. 1997).

brushing and flossing after every meal, and told him that dental supplies were available for purchase at Dixon's commissary. *Id.* #18, 21, 24. Mr. Suleiman was not brushing and flossing after every mean at the time. *Id.* #22. During that appointment Mr. Suleiman asked for a cleaning with a hygienist, but Dr. Crisham explained that Dixon did not have one. *Id.* #22. Mr. Suleiman did not heed Dr. Crisham's advice to start brushing and flossing after every meal. *Id.* #29. The May 31, 2017, exam was Mr. Suleiman's only interaction with Dr. Crisham. *Id.* #25.

At some point after his May 31, 2017, exam with Dr. Crisham, Mr. Suleiman was transferred to Kewanee Correctional Center. While there he had cleanings on April 23, 2018, October 29, 2018, and April 30, 2019. *Id.* ##30-32. During the April 30, 2019, appointment, a hygienist noted Mr. Suleiman's severe gingivitis, even after his cleanings in 2018. *Id.* #32. On August 22, 2019, Mr. Suleiman saw a dentist for pain in one of his molars, but Mr. Suleiman refused the dentist's recommendation that he extract the molar. *Id.* #34. Mr. Suleiman continues to have gingivitis, even after the cleanings at Kewanee. *Id.* #35.

According to Dr. Crisham, plaque builds upon teeth that are inadequately brushed or flossed. *Id.* #16. He testified that daily brushing and flossing removes plaque from teeth and gumlines. *Id.* He also testified that plaque can induce gingivitis. *Id.* #21. Dr. O'Brien stated that gingivitis can inflame gums and lead to bleeding, but Dr. Crisham explained that plaque-inducted gingivitis is not painful. *Id.* Both dentists testified that gingivitis is not a serious medical condition, and can be reversed within 72 hours by maintaining proper oral hygiene on a daily basis. *Id.* ##19, 20. Dr. Crisham stated that adequate oral hygiene includes brushing with toothpaste and flossing. *Id.* 20. Dixon provided Mr. Suleiman with free toothbrushes and toothpaste. *Id.* #26. His commissary records show that he never purchased floss. *Id.* #28. Dr. Crisham stated that a cleaning is not a substitute for daily oral hygiene, and regular cleanings do not prevent gingivitis. *Id.* #23.

Defendants Dr. O'Brien, Dr. Crisham, and Wexford seek summary judgment on all of the claims against them, arguing that the undisputed evidence establishes that the dentists were not deliberately indifferent to Mr. Suleiman's serious medical needs. Claims against two other defendants — the Illinois Department of Corrections and Dixon Correctional Center — were previously voluntarily dismissed. Dkt. 62.

## Analysis

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 972 (7th Cir. 2020). A genuine issue of material fact exists if, when viewing the record and all reasonable inferences drawn from it in the light most favorable to the non-movant, a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Beardsall*, 953 F.3d at 972. The burden to show that no genuine issue of material fact exists falls on the movant. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Beardsall*, 953 F.3d at 972. If the movant meets this burden, to survive summary judgment the non-movant must set forth specific facts

that demonstrate the existence of a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324.

In his amended complaint, Mr. Suleiman sets out three constitutional claims under 42 U.S.C. § 1983: (1) a claim that defendants Dr. O'Brien and Dr. Crisham denied him adequate dental care in violation of the Eighth Amendment; (2) a claim that Drs. O'Brien, Crisham and their employer, defendant Wexford Health Sources, denied him adequate dental care in violation of the Due Process Clause of the Fourteenth Amendment; and (3) a claim that Drs. O'Brien and Crisham violated his constitutional rights pursuant to Wexford's policy or practice of refusing adequate dental care.

I.  **Eighth Amendment**

To establish a violation of the Eighth Amendment, Mr. Suleiman must show that: (1) he suffered from an objectively serious medical condition; and (2) prison officials were deliberately indifferent to that condition such that they "actually knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (*citing Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994)). A medical condition is serious if withholding treatment would result in further significant injury or unnecessary and wanton infliction of pain. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). As for the second factor, deliberate indifference is more than gross negligence or even malpractice, and requires establishing that the defendants exhibited a serious lack of concern for the plaintiff's welfare. *See Rosario v. Brawn*, 670 F.3d 816, 821–22 (7th Cir. 2012) (explaining that the standard approaches "total unconcern" for an inmate's welfare). This is a high hurdle for a plaintiff to clear. *Id.* at 821. This is especially true because the Court gives deference to medical decisions. *See Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). To overcome a defendant's professional judgment as the basis for a treatment decision, the plaintiff can identify evidence that the defendant did not honestly believe his proffered medical explanation. *See Zaya v. Sood*, 836 F.3d 800, 805 (7th Cir. 2016). Plaintiffs are not entitled to the best possible care and are not entitled to demand specific care. *See Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019).

Dental care is an important need for inmates, and dental conditions accompanied by pain can constitute an objectively serious medical need. *See Board v. Farnham*, 394 F.3d 469, 480 (7th Cir.2005). But there is no evidence that Mr. Suleiman's gingivitis caused him continuing pain. According to the undisputed facts, Mr. Suleiman reported dental pain three times while at Dixon: on November 16, 2016, for a painful tooth that Dr. O'Brien determined had a carious exposure fracture and extracted; on May 31, 2017, for a pain in his mouth, which Dr. Crisham thought might be caused by a cracked tooth, but he never found any fracture; and on August 22, 2019, for a painful molar that Dr. Crisham wanted to extract, but Mr. Suleiman declined. There is no evidence that any of these incidences were manifestations of untreated gingivitis, or could have been avoided if Dixon had cleaned Mr. Suleiman's teeth.

But even assuming his gingivitis were an objectively serious medical condition, the undisputed evidence establishes that the defendants were not indifferent to it. Both dentists advised Mr. Suleiman how to improve his own oral hygiene to eliminate his gingivitis. They told him to brush three times a day, including after each meal, and to floss. Dixon provided free

toothbrushes and toothpaste, and Mr. Suleiman could have bought floss at the commissary, but never did. According to their deposition testimony, the dentists believed that Mr. Suleiman could eliminate his gingivitis in as little as 72 hours with proper brushing, and that dental cleanings would not resolve his gingivitis if he did not brush and floss between exams. Mr. Suleiman has not introduced evidence that the dentist's beliefs were insincere, or so inadequate that it demonstrated an absence of professional judgment. *See Zaya*, 836 F.3d at 805 (a plaintiff can avoid summary judgment by showing that a medical defendant did not honestly believe his explanation for his treatment decision)*; see also Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 752 (7th Cir. 2021) ("a plaintiff can show that the professional disregarded the need only if the professional's subjective response was so inadequate that it demonstrated an absence of professional judgment, that is, that no minimally competent professional would have so responded under those circumstances.") (internal alterations, quotation marks, and citations omitted).

Based on the summary judgment submissions, no reasonable jury could conclude that the plaintiff's gingivitis was the result of the defendant's deliberate indifference rather than his own admitted failure to brush and floss as the defendants had advised him.

## II. Fourteenth Amendment

The plaintiff also alleges a separate claim that the individual defendants violated his rights to due process under the Fourteenth Amendment. But the Fourteenth Amendment covers pre-trial detainees, while the Eighth Amendment covers post-trial detainees. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015). In any event, the conduct alleged in the Fourteenth Amendment claim is similar to conduct underlying the Eighth Amendment claim, and so the defendants are entitled to summary judgment on the Fourteenth Amendment claim as being duplicative. *See Murphy v. Raoul*, 380 F. Supp. 3d 731, 753 (N.D. Ill. 2019).

## III. *Monell* Claim

The plaintiff has turned this claim on its head. He alleges that the individual defendant dentists denied him adequate dental care pursuant to policies, practices or customs maintained by defendant Wexford. But individual defendants are liable only for their own conduct. *Riley v. Kolitwenzew*, 526 Fed. Appx. 653, 657 (7th Cir. 2013). Under *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), the U.S. Supreme Court recognized that while an employer may not be vicariously liable for the conduct of its employees, it can be held liable for maintaining a policy, practice or custom that caused a constitutional violation. Yet the plaintiff brings his *Monell* claim against only the individuals, not their employer. In any event, because the Court has determined that the defendants were not deliberately indifferent under the Eighth Amendment, there is no underlying constitutional violation that could have been caused by any policy, practice of custom. *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 463 (7th Cir. 2020) ("negating individual liability will automatically preclude a finding of *Monell* liability) (internal quotation marks and citation omitted). Accordingly, the defendants are entitled to summary judgment on the *Monell* claim as well.

## CONCLUSION

For the reasons given, the defendants' motion for summary judgment on all claims against them [91] is granted. All claims against all parties having been resolved, this civil case is terminated.

The Court thanks the plaintiff's assigned counsel, Michael J. Lichner. Attorney Lichner expended a significant amount of time and effort representing the plaintiff. His work is greatly appreciated.

Date: March 24, 2021    By: _____
                                         Iain D. Johnston
                                         United States District Judge